UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kelly Jean Ritt,

Petitioner,

v.

Lynn Dingle, Mike Hatch,

Respondents.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-2023 ADM/RLE

---

Lawrence Hammerling, Esquire, Deputy State Public Defender, Minneapolis, MN, for and on behalf of the Petitioner.

Lawrence F. Clark, Esquire, Assistant Dakota County Attorney, Hastings, MN, for and on behalf of Respondents.

---

## I. INTRODUCTION

On August 25, 2000, Kelly Jean Ritt ("Petitioner") filed a Petition for Writ of Habeas Corpus [Doc. No. 1] pursuant to 28 U.S.C. § 2254. This matter is now before the Court on Petitioner's Objections [Doc. No. 11] to the Report and Recommendation ("R&R") of Magistrate Judge Raymond L. Erickson [Doc. No. 10]. In the R&R, Judge Erickson recommends that the Respondents' Motion to Dismiss the Petition for Writ of Habeas Corpus [Doc. No. 8] be granted. For the reasons set forth below, the R&R is adopted and the Petition for Writ of Habeas Corpus is dismissed with prejudice.

## II. BACKGROUND

Petitioner currently is serving a life sentence of imprisonment after being convicted in Minnesota state court of two Counts of Murder in the First Degree, two Counts of Murder in the

FILED JUN 08 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTERED JUN 08 2001
DEPUTY CLERK'S INITIALS

Second Degree, Murder in the Third Degree, and Arson in the First Degree. Petitioner's convictions stem from a fire at her residence on March 25, 1997, which resulted in the death of her child, Hannah Jean Ritt. Following her conviction, Petitioner appealed to the Minnesota Supreme Court on grounds similar to those raised here. The Minnesota Supreme Court affirmed Petitioner's convictions, holding that (1) the trial court did not err in admitting Petitioner's statement to Detective Rgnonti because it was voluntary, and (2) the trial court acted within its discretion when it excluded defense's expert witness from testifying on interrogation practices. *State v. Ritt*, 599 N.W.2d 802, 813 (Minn. 1999). Following the denial of her state court appeal, Petitioner filed a Petition for Writ of Habeas Corpus with this Court, arguing (1) the trial court violated the Fifth Amendment of the U.S. Constitution by entering her confession into evidence because it was involuntary, and (2) her constitutional rights were violated when the trial court refused to allow a defense expert to testify on the coercive nature of her interrogation. Further background information is set forth in the R&R and is incorporated by reference for the purposes of Petitioner's present objections.

## III. DISCUSSION

A district court must make an independent, de novo evaluation of those portions of an R&R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 6369(b)(1)(C); D. Minn. LR 72.1(c)(2). A district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that [she] is in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. §2254(a).

The Fifth Amendment of the U.S. Constitution requires that a confession must be voluntary in order to be used against an accused. *See Dickerson v. United States*, 120 S.Ct. 2326, 2330 (2000). For a confession to be voluntary, a court must examine "'whether a defendant's will was overborne' by the circumstances surrounding the giving of a confession." *Id.* at 2331 (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973)). The Minnesota Supreme Court concluded that Petitioner's statement to Detective Rgnonti was voluntary. *See Ritt*, 599 N.W.2d at 813. The findings of a state court generally are presumed to be correct unless "clear and convincing evidence" is presented to the contrary, 28 U.S.C. § 2254(e)(1), such that adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" on the voluntariness of her confession. 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 120 S.Ct. 1495, 1518 (2000) (noting that one must satisfy the conditions set forth in section 2254 to obtain federal habeas relief).

Petitioner has failed to prove with "clear and convincing evidence" that the decision of the Minnesota Supreme Court was unreasonable. 28 U.S.C. § 2254(e)(1). The Minnesota Supreme Court examined the context of Petitioner's statement to Detective Rgnonti and expressly found that Petitioner's will was not overborne by the circumstances surrounding the detective's interrogation techniques. *See Ritt*, 599 N.W.2d. at 810. As the R&R describes at length, there is ample supporting evidence that this is a reasonable conclusion. For instance, Petitioner was aware that she was not under arrest before speaking with the detective, she did not break down during her statement, and she disagreed with Detective Rgnonti on many points. *See id.* Although Detective Rgnonti did suggest at one point in the interrogation that Petitioner's children might be "under investigation" if she did not confess, given the totality of the

circumstances this does not necessarily make the interrogation improperly coercive. *See Dickerson*, 120 S.Ct. at 1331. The children, as persons present at the time of the fire, would necessarily be considered as possibly responsible for its ignition.

Petitioner relies on *Lynumn v. Illinois*, 372 U.S. 528 (1963) and *United States v. Tingle*, 658 F.3d 1332, 1335-36 (9th Cir. 1981) to illustrate that threatening statements may cause involuntary confessions, but the circumstances that led to these confessions were very different. In *Lynumn*, the defendant's confession was involuntary as a result of a coercive atmosphere that included being circled by three police officers, in addition to threats that the defendant's financial aid might be cut off if she did not cooperate. 372 U.S. at 541. In *Tingle*, the defendant's confession was deemed involuntary because of various factors such as threats that she might not see her child for a while and that her lack of cooperation would be communicated to the prosecutors. 658 F.3d at 1335-36. Regardless of whether or not Detective Rgnonti's statements may be classified as "threats", Petitioner has failed to demonstrate that the Minnesota Supreme Court was unreasonable in its judgment that her will was not overborne.

Furthermore, the trial court did not make an "unreasonable determination" in excluding the expert testimony of Dr. Ralph Underwager concerning Detective Rgnonti's interrogation technique. 28 U.S.C. § 2254(d). As the R&R explains in detail, it is within the discretion of the trial court to exclude expert testimony if it is not helpful to the jury. *See Giles v. Miners. Inc.*, 242 F.3d 810, 812 (8th Cir. 2001); *Peitzmeier v. Hennessy Indus., Inc.*, 97 F.3d 293, 296 (8th Cir. 1996). Petitioner contends the trial court's decision to exclude the testimony is unreasonable in light of *Crane v. Kentucky*, 476 U.S. 683, 692 (1986). In *Crane*, the Supreme Court reversed a

state court's exclusion of testimony on the circumstances of a confession.[1] The Minnesota Supreme Court addressed this issue, concluding that the circumstances in this case are "far different" from the circumstances in *Crane*. *Ritt*, 599 N.W. at 812. In *Crane*, the exclusion of evidence precluded the defendant from presenting any evidence regarding the circumstances surrounding the taking of his statement. 476 U.S. at 692. Here, in contrast, Petitioner was allowed to present the jury a videotape of her interrogation by Detective Rgnonti, which showed the circumstances of her confession. Petitioner's reliance on *Crane* for the admissibility of the proffered expert testimony is misplaced as *Crane* does not discuss expert testimony in a similar factual context. *See Morgan v. Krenke*, 72 F.Supp.2d 980, 1003 (E.D. Wis. 1999) (noting that *Crane* is a highly fact-specific ruling). Given the more direct evidence of the videotape, the trial court decision to exclude expert testimony on the interrogation technique was reasonable.

[1] The Constitutional ground on which this holding rests is "rooted directly in the Due Process Clause of the Fourteenth Amendment, . . . or in the Compulsory Process or Confrontation clauses of the Sixth Amendment . . ." 476 U.S. at 690.

## IV. CONCLUSION

Based upon the foregoing, the R&R, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) The R&R [Doc. No. 10] is **ADOPTED** in its entirety.

(2) The Motion to Dismiss the Petition for Writ of Habeas Corpus [Doc. No. 8] is **GRANTED**.

(3) The Petition for Writ of Habeas Corpus [Doc. No. 1] is **DENIED**.

(4) The Petition is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

Ann D. Montgomery

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: June 8, 2001

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: -

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEALNO.CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd